UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1045 |
| | § | |
| VIVEK SAHGAL, M.D., | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are the following motions: (1) plaintiff Healix Infusion Therapy Inc.'s ("Healix") motion to lift the stay of proceedings (Dkt. 9); and (2) Healix's request for entry of default and motion for default judgment against defendant Vivek Sahgal, M.D. ("Sahgal"). Dkt. 5. For the following reasons, the motions are **GRANTED**.

**I. BACKGROUND**

Since 1989, Healix has operated in the healthcare industry across the United States as a provider of infusion therapy services, durable medical equipment, and pharmacy services to physicians and their practices. Dkt. 1 (original complaint) at 2 ¶ 5. In 2008, Healix entered into the CORIS ID Agreement (the "Agreement") with Sahgal's medical practice (the "practice") for a term of five years with automatic renewal for consecutive terms, unless written notice of termination was provided. *Id.* at 2 ¶ 6. Under the Agreement, Healix would be compensated for its drugs, supplies, and services that it provided to the practice. *Id.* Sahgal also provided a personal guarantee to Healix as a guarantor of the practice's payments. *Id.* at 2 ¶ 10.

In December 2012, Healix alleges that the practice became delinquent as to the payment of its invoices for drugs, supplies, and services. *Id.* at 3 ¶ 11. The parties attempted to resolve the matter in early 2013, but negotiations failed to produce a resolution. *Id.* at 3–4 ¶¶ 12–13. Healix

notified Sahgal on March 1, 2013 of the practice's contractual default for non-payment. *Id.* at 4 ¶ 14. Sahgal made no effort to pay the outstanding invoices, and on March 13, 2013, Healix notified Sahgal in writing that the Agreement was being terminated, effective March 15, 2013. *Id.* at 4 ¶ 16. As of April 2013, Sahgal owed Healix $286,042.52 in past due invoices for goods and services, excluding accrued management fees under the Agreement, interest, costs, and attorneys' fees. *Id.* at 5 ¶ 19; Dkt. 11 at 1.

On April 11, 2013, Healix filed the instant lawsuit against Sahgal, asserting claims for breach of contract and attorneys' fees arising from the practice's failure to pay Healix's invoices. Dkt. 1 at 5–6 ¶¶ 20–26. Sahgal was personally served with process on April 16, 2013 in Lansing, Kansas. Dkt. 3 (return of service) at 1–2. Under the Federal Rules, Sahgal's deadline to answer or otherwise respond was May 7, 2013. FED. R. CIV. P. 12(a). Sahgal did not answer the complaint by that deadline, and Healix moved for an entry of default and default judgment on May 14, 2013. Dkt. 5. Pursuant to the Local Rules of the Southern District, Healix attempted to serve the motion for default judgment upon Sahgal via certified mail, return receipt requested. Dkt. 6; S.D. TEX. L.R. 5.5. On May 20, 2013, Sahgal refused to accept delivery of Healix's mailing. Dkt. 6, Ex. A.

Eleven days later, on May 31, 2013, Sahgal filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas. Dkt. 7. As a result of the bankruptcy filing, this court stayed the contract action on June 11, 2013. Dkt. 8. On January 22, 2014, the bankruptcy court signed an agreed order dismissing the case after the United States Trustee filed its motion to dismiss for abuse under 11 U.S.C. § 707(b). Dkt. 9, Ex. C. On March 16, 2014, Healix filed a motion to lift the stay as a result of the completion of bankruptcy proceedings. Dkt. 9. Healix requested that the stay be lifted and the pending default judgment motion be granted. *Id.* at 2.

Healix requests damages against Sahgal in the amount of $286,042.52, plus $1,825.00 in attorneys' fees and $350.00 in costs, for a total sum of $288,217.52.  Dkt. 11, Ex. A.  Healix served the lift stay motion on Sahgal on March 17, 2014, and to date no response has been filed.  Dkt. 9 at 2.

## II. LEGAL STANDARD AND ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant.  FED. R. CIV. P. 4(c)(1).  Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.  Healix properly served process on Sahgal.  Healix satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to Sahgal via certified mail, return receipt requested.  Accordingly, Sahgal was properly served in this case with process and Healix's default motion.  Given Sahgal's failure to answer the complaint in a timely manner, the court has the authority to enter default against Sahgal, accept all well-pleaded facts as true, and award the relief sought by Healix in this action.

Healix alleges that the practice breached the Agreement and entered default by failing to pay certain invoices for goods and services in a timely manner.  Dkt. 1 at 3–4 ¶¶ 11–14.  Healix claims that it is owed a total of $286,042.52 under the Agreement plus interest, attorneys' fees, and costs. *Id.* at 5 ¶ 19; Dkt. 11.  The court finds that entry of default against Sahgal for his failure to appear and answer Healix's allegations is warranted.  The court further finds that Healix's facts regarding the breach of contract are well pled, and the court accepts these facts as true.  Accordingly, the court will award damages for breach of contract in favor of Healix against Sahgal in the amount of $286,042.52, plus $1,825.00 in attorneys' fees and $350.00 in costs for a total of $288,217.52.

For the foregoing reasons, Healix's motion to lift stay (Dkt. 9) and request for entry of default and motion for default judgment against Sahgal (Dkt. 5) are **GRANTED**. The court will enter a separate final judgment consistent with this memorandum opinion and order.

Signed at Houston, Texas on April 24, 2014.

_____
Gray H. Miller
United States District Judge